**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YULIANA TAHINA ALEMAN GONZALEZ,<br><br>                    Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center, et al.,<br><br>                    Respondents. | Case No.:  26cv3449 DMS (DEB)<br><br>**ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a Return to the Petition, and Petitioner filed a Traverse.  For the following reasons, the Petition is granted.

Petitioner is a native and citizen of Nicaragua.  (Pet. at 2.)  On August 14, 2023, she entered the United States at Miami International Airport as a Nicaraguan Humanitarian Parolee with authorization to stay in the United States for a temporary period not to exceed June 12, 2025.  (*Id.*)  Petitioner thereafter lived freely in the community for nearly two years.  (*Id.*)  She has no criminal history and no prior immigration detention history.  (*Id.*)

On May 27, 2026, as Petitioner was driving home from work, she was stopped by immigration officers and eventually taken to Otay Mesa Detention Center, where she is

1

currently detained.  (*Id.* at 6.)  Several days later, Petitioner was served with a Notice to Appear before an immigration judge on June 12, 2026.  (Return, Ex. A.)  Prior to that hearing, Petitioner requested a custody redetermination hearing.  (Pet. at 7.)  That hearing took place on June 5, 2026, and the immigration judge denied Petitioner's request, stating, "The respondent applied for admission and was paroled into the US on June 12, 2025, that parole was subsequently revoked pursuant to the charging document pursuant to 8 CFR 212.5(e)(2)(i).  Thus, the respondent reverts to prior status of applicant for admission and is thus subject to mandatory detention under INA section 235(b)(2)(A)."  (Return, Ex. B.)

On June 8, 2026, Petitioner filed the present case alleging her detention is governed by 8 U.S.C. § 1226, therefore she is entitled to an individualized custody determination, which she has not yet received.  Petitioner also alleges Respondents violated her due process rights when they re-detained her without a showing of changed circumstances, which entitles her to release.  Respondents argue the Court lacks jurisdiction to consider Petitioner's claims and Petitioner is properly detained under 8 U.S.C. § 1225.

The Court has rejected Respondents' jurisdictional arguments in numerous other cases, and does so again here for the reasons stated in the Court's previous orders.  *See Garcia v. Noem*, 803 F. Supp. 3d 1064, 1073–74 (S.D. Cal. 2025); *Medina-Ortiz v. Noem*, No. 25-CV-02819, 2025 WL 4052326, at *2 (S.D. Cal. Oct. 30, 2025) (same).

The Court also rejects Respondents' other argument that Petitioner is properly detained under § 1225.  In support of this argument, Respondents rely on 8 U.S.C. § 1182(d)(5)(A), which states that parole of a noncitizen

> shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission.

8 U.S.C. § 1182(d)(5)(A).  According to Respondents, this statute reverts Petitioner to the status of "applicant for admission" and she is therefore subject to mandatory detention under § 1225.

26cv3449 DMS (DEB)

Notably, Respondents fail to cite any case law that supports their interpretation of § 1182(d)(5)(A).  Indeed, other courts disagree with that interpretation.  *See Qasemi v. Francis*, No. 25-cv-10029 (LJL), 2025 WL 3654098, at *10 (S.D.N.Y. Dec. 17, 2025).  In that case, the court found the "return to custody" language in § 1182(d)(5)(A) did not equate to a return to physical custody.  *Id.*  Instead, the court stated:

> The law and the statute draw a distinction between "detention" and "custody."  "Custody" does not necessarily mean physical custody.  It concerns any status under which a person or thing is under "the care and control of [another] for inspection, preservation or security."  That contrasts with "detention" or "detain," which Congress uses frequently.  When "custody" is intended to denote detention, it is preceded by the modifier "physical," or "in."

*Id.* (citations omitted).  The court also noted § 1182(d)(5)(A) "does not of its own form 'affirmatively authoriz[e] detention, much less indefinite detention.'"  *Id.* (quoting *Clark v. Martinez*, 543 U.S. 371, 385 (2005)).  *See also Nimaga v. Francis*, No. 26-cv-2868 (PKC), 2026 WL 1656049, at *5 (E.D.N.Y. June 8, 2026) (holding a noncitizen who was initially detained under Section 1225(b)(1) but later granted parole under § 1182(d)(5)(A) "is not subject to expedited removal and mandatory detention under Section 1225(b)(1) after the parole expires.");  *Rafibaev v. Noem*, No. 26-cv-00461-PAB, 2026 WL 607559, at *4 (D. Colo. Mar. 4, 2026) (finding § 1182(d)(5)(A) does not mandate detention under § 1225);  *Daza v. Albarran*, No. 25-cv-10214-RFL, 2026 WL 81518, at *3 (N.D. Cal. Jan. 12, 2026) (finding termination of petitioner's parole under § 1182(d)(5)(A) did not result in petitioner's mandatory detention).  This Court agrees with the reasoning of these cases, and likewise finds that Petitioner's detention is not governed by § 1225.

Absent any alternative basis for Petitioner's detention, the Court turns to Petitioner's due process claim, specifically, that her re-detention without a showing of changed circumstances violated her due process rights and warrants her release.  Respondents did not address this claim, and in light thereof, the Court grants the Petition, and orders Respondents to release Petitioner forthwith.  *See N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *7-8 (D. Ore. Dec. 9, 2025) (granting petition and ordering

26cv3449 DMS (DEB)

petitioner's release where respondents failed to contest merits); *F.B. v. Noem*, No. CV-25-04271-PHX-JJT (JZB), 2025 WL 3628652, at *1-2 (D. Ariz. Dec. 4, 2025) (similar).  The parties shall file a status report on or before **July 31, 2026**, indicating whether Petitioner has been released.

**IT IS SO ORDERED.**

Dated:  July 27, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv3449 DMS (DEB)